IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD DIAB,

    Plaintiff,

vs.                                                                                                No. CIV 16-1066 JB/LF

JOSHUA GIACCI, JANEEN ARBLE, and
DEPARTMENT OF CORRECTIONS, NEW
MEXICO, Probation and Parole Division,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court under 28 U.S.C. §§ 1915(e)(2) and 1915A, on the Plaintiff Richard Diab's Prisoner's Civil Rights Complaint, filed on September 26, 2016 (Doc. 1)("Complaint"). Diab was incarcerated at the time of filing, appears pro se, and is proceeding in forma pauperis. For the reasons explained below, the Court will dismiss Diab's Complaint without prejudice and enter Final Judgment.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Additionally, the Court has an obligation under § 1915A to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give

him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Diab is proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.

Diab alleges that Defendant Joshua Giacci, a parole officer that the New Mexico Department of Corrections employs, Defendant Janeen Arble, a parole officer supervisor that the New Mexico Corrections Department employs, and Defendant Probation and Parole Division of the New Mexico Corrections Department, falsely arrested and imprisoned him in violation of 42 U.S.C. § 1983 for an alleged parole violation. See Complaint at 2-3. Diab avers that he did not violate the terms of his parole, and that the Defendants "maliciously allowed [him] to spend all [his] money" on renting and furnishing an apartment before commencing parole revocation

proceedings. See Complaint at 10. Diab's Complaint seeks compensatory and punitive damages. See Complaint at 11.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would; the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (emphasis in original)(footnote omitted). The Heck v. Humphrey doctrine "applies to proceedings that call into question the fact or duration of parole or probation," and, accordingly, bars a civil claim for damages that "necessarily implies the invalidity of [a plaintiff's] parole revocation." Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(affirming the dismissal of the plaintiff's § 1983 claims against his probation officer, the District Court's Probation Department, and the United States Parole Commission, because the plaintiff's "civil claims for damages amounts to a collateral attack on his parole revocation and subsequent incarceration. *Heck* does not permit this."). See Roberts v. O'Bannon, 199 F. App'x 711, 713 (10th Cir. 2006)("Upholding any of the allegations related to the revocation of Mr. Roberts's parole would undermine the validity of his current imprisonment, and they are therefore barred by *Heck* and *Crow*.").

Diab's § 1983 claims necessarily imply the invalidity of his parole revocation, but his

Complaint fails to allege that the revocation of his parole has been invalidated on direct appeal, by executive order, or by a state or federal tribunal. The Heck v. Humphrey doctrine, therefore, bars Diab's § 1983 claims and the Court will dismiss his Complaint without prejudice. See Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice."). To the extent that Diab seeks to be released from state custody, the Court notes that this relief is unavailable in a § 1983 proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012). If Diab wishes to challenge his sentence's validity, he must do so by filing an application for a writ of habeas corpus.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed September 26, 2016 (Doc. 1), is dismissed without prejudice; and (ii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Richard Diab
Albuquerque, New Mexico

    *Plaintiff pro se*

Joshua Giacci

    *Defendant pro se*

Janeen Arble

    *Defendant pro se*

New Mexico Department of Corrections, Probation and Parole Division

> *Defendant pro se*